Davis, J.,
delivered the opinion of the court:
Plaintiff’s assignor, James it. Streett, is a skilled mechanic in ordnance. He has been long employed by the Government at the navy-yard (in Washington), where he has held posts of responsibility in the ordnance shops. His creditable record is shown in the findings of fact.
It is now alleged in his behalf that he obtained a patent (318824) for “Improvement of rifling machines for heavy guns;” that he assigned his interest in the patent' to this plaintiff, and that “on or about the 29th day of November, 1885, the United States, with petitioner’s consent, and without compensating the petitioner therefor, adopted the said patented improvement and has continually used the same from said date to the present time in the rifling of cannon at the Washington Navy-Yard, and is now using the said patented improvement in the rifling of cannon at the said place.”
The record presents that difficult, vexed, and always unsatisfactory question of a claim for royalty made by a skilled, trusted, faithful mechanic under pay in his employer’s shop, devoting his mind to the work in which his employer has gained his success, living in the atmosphere of the development of his mechanical art, surrounded by men all-imbued with the same spirit, but all (and after all) under the direction and control of men (superior officers) selected because they are men of science and thoroughly trained experts, not only in the mechanics, but also in the philosophy and technique of the profession of which the mechanic’s particular and restricted branch is but a small part.
James R. Streett was long employed in the navy-yard shops in Washington. Beginning as a machinist in 1862, he later had charge of tools, including the designing and improvement m tools. He was employed as a quarterman, then as an ordnance mechanic, again as a quarterman, later as a sub-inspector, and so on.
During the period of importance in this case he was a paid ordnance mechanic.
It is well understood that in the development of new inven *567 tions, in tbe perfection of tbe practical application to tbe machine of tbe theoretically successful idea of tbe inventor, and in tbe improvement of what is not technically new but is nevertheless valuable, there is assistance and advice and supervision throughout the workshops from the latest apprentice boy arrival to the scientific chiefs. The endeavor for success is substantially unanimous in a harmonius and reasonably ambitious shop; the advisory officers and the skilled labor work harmoniously in a common effort and a common pride to achieve a successful result in which all reap a portion of credit.
So Streett shows a commendable career as a skilled mechanic; one naturally and necessarily always working under the counsel and friendly assisting eye of the scientifically trained naval officer.
The substance of this case is that defendants at the Washington Navy-Yard used a device for cutting the interruptions in screws of breech mechanisms of heavy guns, a device which is claimed to be covered by Streett’s patent (now assigned to Eager).
No recovery can be had in this action unless such facts are shown as develop a use by defendants of plaintiff’s claimed device wittingly, not with adverse intent, and with his consent. (McKeever v. United States, 14 C. C. R., 396; Berdan v. United States, 25 C. C. R., 355; 26 C. C. R., 48; 156 U. S. R., 552; Schillinger v. United States, 24 C. C. R., 278; 155 U. S. R., 163.)
Nothing of the kind is shown here. Plaintiff with such highly skilled Government experts as Commodore Folger (later Chief of the Bureau of Ordnance) and Captain Goodrich (then especially in charge of the ordnance work at the navy-yard) conferred from time to time upon a mechanical proposition, an improvement in the mechanical art which was developing and which was before them for mechanical solution. Few new devices appear complete upon the field of competition; nor does the law require this in its protection of the inventor; but the law does sternly demand that the alleged invention shall be in fact the fruit of the individual brain whose owner obtains the patent. The intention of the patent law is to protect the inventor who invents.
*568 The skilled mechanic in this case while under defendant’s pay, in the ordinary course of his professional employment, with the surroundings and aids which the Government furnished and the advice and suggestion of his superior officers, produced a device upon which a patent was issued. As to the validity of that patent we. have no reason to express any opinion. Admitting (for the purposes of the argument) that it is valid, still, there can be no recovery against defendants here on this petition, for reasons which may be found in the Solomon and Grill cases. (21 C. C. B., 479; 22 C. C. R., 335; 25 C. C. R.,415.)
We do not see in the findings of fact anything to indicate that defendants intended to use the device in issue here as Streett’s device or did use it wittingly as his device, if they did use it or its mechanical equivalent at any time.
Petition dismissed.